Thomas C. Scarborough v. James H. Stevens, Sheriff, and others.

No particular form is prescribed by law for a warrant or execution. on behalf of the State, against a delinquent tax collector. A writ signed by the Treasurer, commanding the proper officer, " in the name of the State of Louisiana," is a sufficient compliance with the provision of sect. 6, art. 4, of the State constitution, in regard to the style of process.

The second section of the act of 20th March, 1816, requires that the property of a delinquent sheriff, which has been seized under execution issued by the Treasurer of the State, shall be sold for cash, and without appraisement.

Where a sheriff has received a tax roll and undertaken its collection, he must show that he has used due diligence. He cannot throw upon the State, the burden of proving that he actually received the amount.

Defendant, a sheriff, having received the tax roll, and given security for its collection, enjoined an execution issued against him by the Treasurer for the amount, on the ground that he had no legal authority to collect, no assessors having been appointed,

nor assessment regularly made    There was no allegation or proof of any difficulty in making the collections in consequence of such pretended irregularity, nor any proof that defendant hesitated, on that account, to proceed with the collection.    On a motion to dissolve the injunction : *Held*, that such illegality not having been objected by the tax payers, it is too late for the sheriff to interpose such an objection.

The law having provided the mode by which a sheriff, who has undertaken to collect the taxes, can obtain a credit for the amounts due from non-residents or insolvents, he will not be allowed, by enjoining an execution issued against him by the Treasurer, to retain such amounts.   He must resort to the means pointed out by law, to establish the credit to which he is entitled.

Under the twenty-first sect. of the act of 27th March, 1813, a sheriff who fails to pay over, according to law, the taxes collected by him, will be entitled to no commission for their collection.

The twenty-first sect. of the act of 22d February, 1817, which allows the prosecuting attorneys on behalf of the State, ten per cent on amounts collected by them. to be paid by the defendant, will not authorize the allowance of such a commission to a District Attorney, who appears on behalf of the officers of the State, for the purpose of dissolving an injunction, obtained by a delinquent sheriff to stay an execution issued against him by the Treasurer.   The defence of such a suit, is one of the duties that devolves on the District Attorney as a public officer.

APPEAL from the District Court of Ouachita, *Boyce, J.*

*Garrett,* for the appellant.

*McGuire,* District Attorney, contra.

GARLAND, J.    The Treasurer of the State in the month of May, 1841, in conformity with two acts of the legislature, (Bullard & Curry's Dig. p. 718, sec. 2, No. 61,—p. 800, sec. 2,) issued an execution against Scarborough, the former sheriff of Ouachita, directing the present sheriff, the defendant, to seize his property and sell it, for the purpose of paying the State taxes for the year 1838, which he had collected and not paid into the Treasury.    Under this writ, the sheriff made a seizure, and advertised certain property for sale.    The plaintiff presented his petition for an injunction, which was allowed, on his alleging the following grounds :

*First.* That the execution is not in the name of the State of Louisiana.

*Second.* That he is entitled to all the legal delays and privileges granted to other debtors, when their property is seized, viz : the legal delay between seizure and advertisement, the right of appraisement, and sale on twelve months' credit, if the property will

not sell for two-thirds of the appraised value, which privileges have been denied him.

*Third.* That he is not liable for the taxes for the year 1838, as no legal assessment roll was made for that year. That the assessors were not legally. appointed, nor were there a sufficient number in office, in consequence whereof, he had no legal authority to enforce the payment of taxes.

*Fourth.* That he cannot, in any event, be held responsible for the sum of $560 66, as the pretended tax roll included persons who had become citizens of the parishes of Caldwell and Union, in accordance with subsequent acts of the legislature establishing those parishes, and the collection of the taxes in those parishes, amounting to $560 66, being provided for, by special laws.

*Fifth.* That he is not responsible for the sum of $518 60, it being the amount of taxes on said pretended roll, owing by non-residents and insolvents, which he could not have collected though he had had legal authority.

*Sixth.* That no commissions are allowed for collecting the State taxes.

The District Attorney of the Seventh District, answered on behalf of the State, that there is no error in the process issued by the Treasurer ; that the complainant is not entitled to any delay, nor to the benefit of having his property appraised ; that he cannot allege any illegality in the tax roll, as he gave his receipt for the same, and bond faithfully to collect and account therefor, and does not pretend that any obstacle was interposed to prevent the collection of the taxes ; and that he has not made out and returned a list of non-residents and insolvents according to law. That there is an error in the amount, which he states that he could not collect in the parishes of Caldwell and Union ; that he is not entitled to a credit for the taxes of non-residents and insolvents ; that as he has not proceeded according to law, he is not entitled to any commissions for collecting the taxes, and is bound to pay interest at ten per cent per annum, from the 1st June, 1839, on the taxes, and ten per cent to the District Attorney on the whole sum recovered. He prays for these allowances ; for a dissolution of the injunction ; and for a judgment against the complainant and his sureties in

the injunction bond, *in solido*, for these sums, and twenty per cent special damages.

The judgment allows the complainant a credit of $516 31, for the taxes of the parishes of Union and Caldwell. It refuses to allow the deduction of $518 60, for non-residents and insolvents, but reserves his rights to a credit, on the facts being shown in the manner required by law. It orders the payment of interest at ten per cent, from May 31st, 1839; and dissolves the injunction, except as to the sum credited as before stated. From this judgment the plaintiff has appealed.

The District Attorney prays for an amendment of the judgment, so as to allow him ten per cent on the amount enjoined, to be paid by the defendant; and the plaintiff asks for a reversal, and perpetuation of the injunction, on the grounds before stated.

As to the first ground assumed, we think the execution is in the name of the State. It begins by an address from the Treasurer to the sheriff, and a recital that the plaintiff has not paid the taxes of the year 1838, and then proceeds : "You are hereby required in the name of the State of Louisiana, to collect," &c. and if the money is not paid on demand, to seize and sell, &c. The law prescribes no particular form for a warrant or execution of this kind, and we think the one before us sufficient. The authority cited from 3 Mart. 719, sustains the view we take of the case.

The second ground taken by the complainant, is not sustained by law. The statute expressly directs a seizure and sale of the property of a defaulting sheriff, without appraisement, or any delay, but that necessary to advertise the usual number of days. Bullard & Carry's Dig. p. 718, sec. 2, No. 61.

On the third ground, it is proper to state that there is no allegation in the petition, that the sheriff was in any manner obstructed, or impeded by any person, in collecting the taxes, in consequence of any irregularity in making the tax roll or in the election of assessors; nor has any attempt been made to prove it, or to show that the complainant hesitated, on that account, to proceed in the collection of the taxes. He received the assessment roll from the Parish Judge, and gave his receipt for it, and a bond with security to collect and faithfully to account for and pay over the taxes to the Treasurer, without any objection; and it is too late now, to in-

terpose objections as to the alleged illegality of the election of assessors and other matters, when it does not appear, that any such objections were ever made to him by the tax payers. When a sheriff receives a tax roll and undertakes to collect the taxes, he must show that he has used due diligence ; and he cannot throw the burden upon the State, of proving that he actually received the money. 8 Mart. N. S. 328. 17 La. 345.

The fourth objection urged, has been in effect sustained, and the judgment allows a credit for all that is proved.

We think the District Judge did not err, in refusing to allow the complainant a credit for the amount he claims for taxes, alleged to be owing by non-residents and insolvents. The law directs the mode which a sheriff must adopt to obtain such credits, and it cannot be permitted to a sheriff or tax collector, to withhold the public money and refuse to pay it into the Treasury, on the ground that he has not been allowed credit for the taxes of non-residents and insolvents, when he has neglected the legal means of showing the amount of such credits, and has never asked at the Treasury to have them allowed. It will be time enough for the plaintiff to complain of the disallowance of his alleged off-sets, when he shows that they have been refused ; and the reservation made in the judgment, leaves him ample remedy to have any injustice corrected.

The complaint that no commissions for collecting the taxes is allowed by the Treasurer, comes with a bad grace from the party who denies all responsibility, and keeps the public money in his pocket. The legislature has, with great propriety, provided that no defaulter shall receive any compensation for the collection he may make ; and has, moreover, declared, that he shall pay interest at the rate of ten per cent per annum on all sums withheld. B. & C. Dig. p. 706, sec. 21. The judge, therefore, did nor err, in condemning the complainant to pay interest at the rate specified, from the time mentioned, until paid, and in withholding any allowance for commissions for collecting.

As to the prayer for an amendment of the judgment, so as to allow the District Attorney ten per cent on the amount collected, to be paid by the defendant, we do not think it ought to be made. The twenty-first section of the act of 1817, in relation to the public revenue, (B. & C. Dig. p. 719,) does not apply to a case like

the present. The defence of a suit like this, is one of the duties that devolves on a District Attorney, as a public officer, and the legal defender of the rights of the State, for which he is compensated by his regular salary. If any money be collected by the District Attorney, he will probably be entitled to a commission on other grounds ; but he has no right to claim anything from the plaintiff.

*Judgment affirmed.*