The opinion of the court was delivered by
Manning, C. J.
The plaintiff instituted this suit against John A. Brookshier, and the sureties on his bonds as tax collector of Vermilion parish, to recover $30,969.87 and two per centum a month interest, alleged to have been collected by him during 1875 and 1876 and not accounted for. The proceeding is by rule, and the defendants excepted;
1. That being a demand for a balance of account, the proceeding should be an ordinary action to establish and determine that balance, after citation and ten days notice.
The law expressly provides a summary proceeding against defaulting tax collectors, and always has provided it. In the early years of the State, the State Treasurer issued an execution upon the account as stated in his own books. Sec. 70 of the Act of April 20, 1877, is a reprint of sec. 3308 Rev. Stats. 1870, which is a reprint of sec. 71 of the consolidated revenue laws of 1855, Rev. Stats. 1856, p. 475, and that is but a reproduction of an anterior law. Our reports abound in cases, every one of which was by rule or motion under a law having the identical provision of that under which this rule is taken. A writ of distress even was once permitted. State v. Winfree, 14 Annual, 643.
2. This summary proceeding can be applied only to tax collectors appointed under the Act of 1877, and not to former collectors who have gone out of office.
The same remedy, enacted in totidem verbis, existed at and long before this tax collector’s time.
And so of the rest of the numerous exceptions. The answer to all *738 of them is that from the beginning our laws have contrived summary proceedings upon tax collectors’ bonds, the object of ,all of them being to enable the State or parish to proceed at once against the officer and his securities, and to prevent the interposition of the delays that are incident to ordinary actions. Some of these exceptions are frivolous. For example, the 8th is that all proceedings on these bonds must be brought in the name of the obligees, and not in the name of the police jury, by which is meant, that the bonds having been given to a former president of the police jury, a succeeding president of that body cannot bring suit upon them.
On the merits the defences are as numerous, and as unsubstantial as the exceptions.
The sureties allege that the parish taxes which were levied exceeded the maximum that could be legally collected. They were levied by ordinances of the police jury, and they were collected by their principal, and .they cannot contest the legality of those ordinances after he has acted under them and collected the taxes laid by them. McGuire v. Bry, 3 Rob. 196.
The sureties claim a release because of an alleged delay of the police jury in enforcing a settlement by Brookshier. Their complaint is that the plaintiff was so dilatory in commencing proceedings as to imperil their safety, but when proceedings were commenced the complaint is that it was going too fast, and should be delayed by being subjected to the stages of an ordinary suit. It is not shewn, nor even pretended, that whatever delay there was in instituting proceedings either impaired or destroyed their right of subrogation, or any other right. The right of subrogation is indeed the only one that could be impaired by delay, and it was not affected in any manner by tardiness in instituting this proceeding. The surety is discharged when he loses his right of subrogation. The mere delay to sue does not of itself produce that effect. Barnes v. Crandell, XI Annual, 119.
The sureties claim the benefit of division. Their obligation is several up to the full amount for which each has signed. When sureties to a defaulting tax collector’s bond have obligated themselves, each for a specific sum, the State is entitled to judgment against each one for the full sum for which he is bound, but no more can be collected from them all than the full sum due the State by the defaulting collector. Copley v. Dinkgrave, 7 Annual, 595.
The counsel for the plaintiff correctly observes that the process of computing the debits and credits on a tax collector’s account is very simple. He is charged with the sum total of the rolls and of the licenses, and it is for him to offset these by legal vouchers for legal payments, and by a delinquent list made in due form. The tax collector is *739 presumed to have collected all that is on his roll and his number of licenses, and if he does not settle by a given day, he is a defaulter ipso Jacto. Every thing .is presumed against him. He is prima facie liable for the whole amount of the assessment roll, and the onus of proof is ■upon him to shew discharge, payment, etc. Scarborough vs. Stevens, 3 Rob. 147. Vermilion Parish v. Comeau, 10 Annual, 695.
Eor the purpose of establishing a credit, a receipt of Nunez, the successor of Brookshier, for the delinquent rolls of former years was offered, and the rolls were offered in evidence also. They are not verified by the oath of the collector, and have not therefore the form required by law, and they are besides fraudulent, it appearing from tax receipts in evidence that many of the persons returned therein as delinquent had paid to Brookshier. He was entitled to a credit for such •sums as his successor collected, which is proven to be $4,938.95, and it has been given.
Several bills of exception were taken.
1. To the refusal of the judge to pass upon the exceptions previous "to going into the trial.
We have more than once had occasion to observe that the practice of referring all sorts of exceptions to the merits is vicious, and ought •not to be indulged in by the lower courts. Sometimes a decision upon an exception settles the controversy, at least in the form then presented, •and if made in the outset would terminate the case. That would not have resulted in this case, since the judge overruled all of them, and the defendants have not been injured by the course complained of.
2. To the judge’s proceeding with the trial of the case in open court after it had commenced in chambers.
The trial of the case had been commenced in chambers under the Act of 1873, Sess. Acts p. 181, and not having been completed when the •regular term of court commenced, it was proceeded with in court. The purpose of the law in permitting the trial in chambers is obvious. It •could take place either in term or between terms — -either in court or in •chambers. The object was celerity, and the objection of the defendant that a new tribunal was created thereby, not recognized by the constitution, viz a judge sitting in chambers to hear and determine a cause, needs no further notice than to state it.
3. To the rejection of three receipts for money paid by Brookshier in payment of a judgment.
It was rightly held that he was without authority to pay over money to the creditors of the parish. The judgment he paid was reversed on appeal. He paid wrongfully in a double sense — prematurely, before the judgment was Anal — illegally, because without authority to pay at all.
*740 4. To a ruling disallowing proof of the value of his services rendered in making the parish assessment rolls of 1875 and 1876.
His commissions are his compensation. His defalcation forfeits them. He cannot recover them under the guise of a claim on a quantum, meruit.
5. To a ruling excluding certain election vouchers and witness certificates as credits.
It did not appear that they or any of them had been received in payment of taxes. A tax collector cannot pay or purchase such claims against a parish.
The lower judge has given a patient and intelligent hearing to all of the defences. His judgment is for three thousand dollars with interest at two per centum a month " from judicial demand,” which he would have discovered to be August 30,1877, if he had taken the pains to look for the service of citation, and by inserting its date in his judgment made it unnecessary for any one to look outside of, the judgment to ascertain the date from which interest is to be calculated.
Judgment affirmed.